# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MOHAMMED BAH, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-00098-RWS-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-3158-RWS-RGV |

## **ORDER**

This case is before the Court on Mohammed Bah's Objections [181] to the Final Report and Recommendation ("R&R") [177]. The R&R recommends that Bah's 28 U.S.C. § 2255 motion be denied.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection,

the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

Bah entered a negotiated guilty plea to conspiracy to possess with intent to distribute marijuana and cocaine base and possession of a firearm in furtherance of a drug trafficking crime. (Docs. 101; 108; 129.) Bah's plea agreement stated that removal was presumptively mandatory, that Bah understood that neither his attorney nor the Court could predict the effect of his plea on his immigration status, and that Bah wanted to plead guilty even if it resulted in his automatic removal from the United States. (Doc. 108-1 at 4-5.) Bah signed an acknowledgment at the end of his plea agreement that he had read the agreement, reviewed every part of it with his attorney,

2

and understood its terms. (Id. at 17.) During the plea colloquy, Bah confirmed under oath his understanding of these terms of the plea agreement and further affirmed that he and his co-defendant willingly sold drugs and firearms to an undercover officer and that his co-defendant possessed a gun on at least one such occasion. (Doc. 129 at 2-3, 13-14, 16-18, 21-22.) The Court accepted Bah's plea and subsequently imposed consecutive 60-month mandatory minimum sentences on each count, for a total sentence of 120 months of imprisonment. (Id. at 24; Doc. 114; Doc. 130 at 20.)

Bah appealed, and counsel moved to withdraw his representation and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). [Doc. 154]. On August 29, 2016, the United States Court of Appeals for the Eleventh Circuit granted counsel's motion and, finding no arguable issues of merit after an independent review of the entire record, affirmed Bah's convictions and sentences. [Id.].

Bah timely filed this pro se § 2255 motion, arguing that his attorney was ineffective for failing to advise him that his convictions had "mandatory deportation consequences" and that, had his attorney correctly advised him regarding those consequences, he would have proceeded to trial and presented an entrapment defense. (Doc. 166 at 4; Doc. 166-1 at 5-12.) The government responds that the record conclusively shows that Bah received effective assistance from counsel and suffered

3

no prejudice. (Doc. 170 at 3, 16-27.) Bah's reply adds nothing significant to the discussion of the issues presented. (Doc. 175.)

The Magistrate Judge found that Bah could not meet his burden to show prejudice because Bah "stated in a signed plea agreement that he wanted to plead guilty even if the consequence was automatic removal." (R&R at 9 (citing Levy v. United States, 665 F. App'x 820, 824 (11th Cir. 2016) (per curiam)).) The Magistrate Judge further noted that Bah's self-serving allegations in his § 2255 motion were insufficient to rebut the statements he made during his plea colloquy. (Id. at 10.)

Bah objects that the Magistrate Judge failed to consider the allegedly erroneous advice he received from his attorney in determining whether he could show prejudice. (Objs. at 5-6.) Bah relies on Lee v. United States, 137 S. Ct. 1958 (2017) and an unpublished decision from the United States District Court for the Western District of Washington. (Id. at 2-6.) In Lee, the United States Supreme Court held that the defendant had shown prejudice because he presented "substantial and uncontroverted evidence" to support his claim that he would not have accepted a plea but for counsel's inaccurate advice regarding the deportation consequences, even though he stood to gain nothing from going to trial other than more prison time, because avoiding deportation was the determinative factor for him. Id., 137 S. Ct. at 1967-69.

4

However, there is no discussion in Lee as to whether the defendant's plea agreement contained a provision, as did Bah's, regarding the immigration consequences of his conviction. In this case, it is clear from the language of the signed plea agreement and Bah's own statements under oath at the plea colloquy that he understood the immigration consequences and yet still wished to plead guilty. Additionally, "despite being aware of the possibility of deportation, the record does not show any contemporaneous evidence that [Bah] was concerned about deportation at the plea hearing or sentencing." Dodd v. United States, No. 16-11598, 2017 WL 4231073, at *2 (11th Cir. Sept. 25, 2017). Furthermore, the decision of the United States District Court for the Western District of Washington on which Bah also relies is not binding on this Court.

Having conducted a careful review of the R&R and Bah's Objections thereto, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Bah's objections have no merit. Accordingly, the Court **OVERRULES** Bah's Objections [181], **ADOPTS** the R&R [177] as the opinion and order of the Court, **DENIES** this § 2255 motion [166], and **DECLINES** to issue a certificate of appealability. The Clerk shall close the case.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 9th day of January, 2018.

_____
**RICHARD W. STORY**
United States District Judge